

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,602-01

**EX PARTE FIROZ NOOR SAMNANI, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W-12-72163(A) IN THE CRIMINAL DISTRICT COURT NO. 5
### FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was sentenced pursuant to Section 12.44(a) of the Texas Penal Code to ninety days in county jail. He did not appeal his conviction.

Applicant contends that his plea was involuntary because counsel failed to advise him that he had a proper defense. The trial court has entered findings of fact and conclusions of law finding counsel ineffective for failing to advise Applicant of the immigration consequences of his plea, and recommending that relief be granted. However, these findings are not supported by the pleadings or the record. There is no affidavit from trial counsel and no indication in the record that counsel

did not advise Applicant of the immigration consequences of his plea. Further, the plea papers also include an admonishment that if the defendant was not a citizen, he could be deported.

Therefore, it is this Court's opinion that additional facts need to be developed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to the finding that counsel failed to advise Applicant of the deportation consequences of his guilty plea. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make supplemental findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. Specifically, the trial judge shall make findings of fact as to whether counsel failed to advise Applicant of the deportation consequences of his guilty plea. The trial court shall also make findings of facts and conclusions of law as to whether the trial court admonished Applicant as to the deportation consequences of his plea and, if not, whether Applicant would have pleaded guilty, but for the failure to admonish him as to the deportation consequences. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 15, 2017

Do not publish